**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Evan Franklin, | ) | No. CV-06-02316-PHX-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| City of Phoenix, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the court is Defendant City of Phoenix's Motion to Dismiss State Law Claims and Punitive Damages Claim (doc. # 28), the Response (doc. # 38), and the Reply (doc. # 42).

**I.    Background**

Plaintiff Charles Evan Franklin ("Franklin") alleges the following facts, which the court takes as true for purposes of Defendant City of Phoenix's ("City of Phoenix" or "City") Motion to Dismiss. Fed. R. Civ. P. 12(b)(6); *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994); *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

On September 27, 2004, Franklin, an African-American male then 56 years old, was stopped by Phoenix Police Officer Lisa Smith while riding his bicycle on the wrong side of a residential street in violation of Arizona law. (Doc. # 38 at 6.) Franklin was on his way to a nearby  field where he exercised and practiced his golf swing. (*Id*. at 1.) Officer Smith mistook Franklin's golf club for a weapon. (*Id*. at 1.) After "cut[ting] Mr. Franklin off with

1    her vehicle, causing him to fall off his bike," Smith checked for outstanding warrants for

2    Franklin's arrest, and summoned two additional Phoenix police officers to the scene. (*Id*. at

3    1-2.) Franklin objected to Officer Smith's treatment, "declaring that he had no warrant." (*Id*.

4    at 2.) Upon arrival, Officers Blair and Wardian perceived that Franklin had made a "hostile

5    gesture" toward Officer Smith, and they "began beating on Franklin." (*Id*. at 2.) Franklin

6    was arrested and transported to the Phoenix police station, where officers confirmed that

7    Franklin had no outstanding warrants against him. (*Id*. at 2.)  Franklin was charged with

8    refusing to comply with a lawful order of a police officer, knowingly providing false

9    information to a police officer, and a civil traffic violation. (*Id*. at 2.)

10       On March 23, 2005, Franklin, represented by counsel, submitted a notice of claim to

11   the Phoenix Police Department, declaring his intention to sue the individual police officers

12   involved in his arrest, the Phoenix Police Department, and the City of Phoenix for federal

13   civil rights violations and various common law torts. (Doc. # 28 at 3-4; Ex. A.)  Franklin

14   neglected to send a notice of claim to the City of Phoenix. (*Id*. at 3-4.) In this letter, Franklin

15   demanded $50,000 from the Phoenix Police Department to compensate him for his emotional

16   damages, past and future medical expenses, possible economic losses, punitive damages, and

17   "general damages." (*Id*. Ex. A, 1-2.) Franklin provided no factual support for the proposed

18   settlement amount, however. (*Id*. Ex. A, 1-2.)

19       On December 6, 2005, an Arizona jury acquitted Franklin on both criminal counts,

20   but found him liable for the civil traffic violation. (*Id*. at 2.)

21       On January 27, 2006, Franklin, represented by new counsel, filed a notice of claim

22   with the City of Phoenix. (*Id*. at 4.)  This letter incorporated the "factual and legal

23   allegations" contained in Franklin's prior filing with the Phoenix Police Department by

24   reference. (*Id*. Ex. B, 2 (including the March 23, 2005 letter as an attachment).)  A copy of

25   the letter was also sent to the Phoenix Police Department and the arresting officers. (*Id*. Ex.

26   B, 1.)  Noting his recent acquittal on all criminal charges, Franklin increased his demand

27   from $50,000 to $200,000. Once more, Franklin failed to substantiate the settlement amount

28

1   with facts relating to the actual damages sustained by him as a result of the alleged false

2   arrest and malicious prosecution.  (*Id*. Ex. B, 2.)

3          Franklin initiated this action on September 27, 2006, asserting federal civil rights and

4   Arizona common law claims against the City, the Phoenix Police Chief, and the police

5   officers involved in his arrest.  (Doc. # 51.)  The City of Phoenix now moves to dismiss all

6   state law claims and punitive damages claims pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. ##

7   28 at 2; 42 at 2.)  Franklin failed to comply with the one-year statute of limitations prescribed

8   by A.R.S. § 12-821, and he did not satisfy the statutory preconditions to municipal liability

9   imposed by A.R.S. § 12-821.01(A).  The Motion will be granted therefore.

10  **II.      State Law Claims Untimely**

11         Franklin, represented by still new counsel, seeks to hold the City liable under Arizona

12  law for malicious prosecution and intentional infliction of emotional distress ("IIED"). (Doc.

13  # 51 at 8-9.)

14         Section 12-821, Arizona Revised Statutes, provides, "All actions against any public

15  entity or public employee shall be brought within one year after the cause of action accrues

16  and not afterwards."   Franklin's cause of action for malicious prosecution did not accrue

17  until December 6, 2005, the date the underlying action terminated in his favor. *Glaze v.*

18  *Larsen*, 207 Ariz. 26, 29, 83 P.3d 26, 29 (2004).  That claim was timely filed on September

19  27, 2006.  The remaining state law claim for intentional infliction of emotional distress

20  accrued on September 27, 2004, the date of Franklin's arrest.  This claim will be dismissed

21  as out-of-time.  Fed. R. Civ. P. 12(b)(6).[1]

22         Conceding that Section 12-821 otherwise compels dismissal, Franklin attempts to

23  salvage his state law claim for intentional infliction of emotional distress under the

24  "continuing tort" doctrine.  (Doc. # 38 at 3-4, 7 n.1.)  This argument lacks merit.  In Arizona,

25  "a cause of action does not accrue," and the statute of limitations does not begin to run, "until

26

27         [1]The court will disregard the claim for defamation, discussed in a cursory manner in
    Franklin's Response, as that theory was not urged in the initiatory pleadings.  (Doc. ## 38
28  at 1, 3, 6-7; 5.)

the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995) (citation omitted).  This "discovery rule" applies with equal force where, as here, a litigant brings suit against a public entity or a public employee.  A.R.S. § 12-821.01(B) ("[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should knows the cause, source, act, event, instrumentality or condition which caused or contributed to the damage.") While Franklin did not know the full extent of his damages at the time of his encounter with the Phoenix police, he realized that he had been damaged, and he knew the cause of that damage at the time of his arrest.  Therefore, Franklin's cause of action for IIED accrued on September 27, 2004, when he knew both the "who" and the "what" underlying his claim.  A.R.S. § 12-821.01(B).

When a litigant seeks to recover for repeated tortious acts inflicted over a period of years, causing a universe of damages that cannot be allocated to any particular act, the Arizona courts have shown a willingness to delay the accrual of a cause of action "until the date of the last tortious act." *Floyd v. Donahue*, 186 Ariz. 409, 413, 923 P.2d 875, 879 (Ct. App. 1996) (citing *Garcia v. Sumrall*, 58 Ariz. 526, 533, 121 P.2d 640, 643 (1942) (trespass to property)); *see Henshaw  v. Salt River Valley Canal Co.*, 9 Ariz. 418, 421, 84 P. 908, 909-10 (1906) (expressing a desire to honor both the "purpose" and the "effect" of statutes of limitations).  But the factual predicate for the "continuing tort" exception is absent here. Rather, each instance of "extreme and outrageous" conduct endured by Franklin at the hands of the Phoenix police caused a single set of damages. The officers committed separate torts, carrying separate as well as cumulative injury.  *See Floyd*, 186 Ariz. at 413, 923 P.2d at 879 (analyzing repetitive but discrete instances of sexual abuse).  The claim for intentional infliction of emotional distress, having accrued on September 27, 2004, must share the fate of its state law brethren under A.R.S. § 12-821.

1    **III.    The Statutory Notice of Claim Was Insufficient**

2         The City of Phoenix urges dismissal of Franklin's remaining state law claim for

3    malicious prosecution under A.R.S. § 12-821.01(A).  Franklin failed to comply with this

4    statute, which "clearly" and "unequivocally" defines "the specific requirements that must be

5    met for a claimant to file a valid claim with a government entity." *Deer Valley Unified Sch.*

6    *Dist. No. 97 v. Houser*, 214 Ariz. 293, 299, 152 P.3d 490, 496 (2007) (surveying legislative

7    history).  Therefore, Franklins malicious prosecution claim is "barred and no action may be

8    maintained thereon."  A.R.S. § 12-821.01(A)

9         To maintain an action against a public entity or a public employee in Arizona, a

10   putative litigant must first file a claim with persons authorized to accept service for the public

11   entity or employee within 180 days of the accrual of that litigant's cause of action.  A.R.S.

12   § 12-821.01(A).  "The claim shall contain facts sufficient to permit the public entity or public

13   employee to understand the basis upon which liability is claimed."   A.R.S. § 12-821.01(A).

14   Franklin submitted his letter to the City of Phoenix on January 27, 2006, within 180 days of

15   the accrual of the relevant state law claim.  (Doc. # 28 Ex. B.)  The statutory notice contained

16   a factual recitation sufficient to permit the City to understand the nature of Franklin's claim.

17   (*Id*. Ex. B.)

18        However, A.R.S. § 12-821.01(A) also requires putative litigants to include "a specific

19   amount for which the claim can be settled *and the facts supporting that amount*" in their

20   statutory notices.  (emphasis added).  In *Houser*, the Arizona Supreme Court interpreted the

21   emphasized language as requiring claimants to "explain the amounts identified in the claim

22   by providing the government entity with a factual foundation to permit the entity to evaluate

23   the amount claimed." 214 Ariz. at 296, 152 P.3d at 493.  The statutory "requirement ensures

24   that claimants will not demand unfounded amounts that constitute quick unrealistic

25   exaggerated demands." *Id*. at 296, 152 P.3d at 493 (citation and internal quotations omitted).

26   "Compliance with this statute is not difficult; the statute does not require that claimants

27   reveal the amount they will demand at trial if litigation ensues."  *Id*. at 296, 152 P.3d at 493.

28

1    In *Houser*, the Arizona Supreme Court dismissed the plaintiff's state law action for

2    failure to include a sum specific in the claim letter.  However, in the course of its decision,

3    the court observed that the plaintiff failed to "provide facts supporting the amount claimed."

4    *Id*. at 297 n. 3, 152 P.3d at 494 n.3.  The considered dictum of the Arizona Supreme Court

5    applies here.  Franklin was required to submit some factual foundation for the $200,000

6    amount identified by him so that the City of Phoenix could "realistically consider [his]

7    claim."  *Id*. at 296, 152 P.3d at 493.  Franklin's letters, like the claim letter at issue in *Houser*,

8    did "not provide *any* facts supporting the claimed amounts for emotional distress and for

9    damages to . . . reputation."  *Id*. at 297 n.3, 152 P.3d at 494 n.3 (emphasis in original).  This

10   shortcoming is fatal to Franklin's sole remaining state law claim.  *See Florian v. Perkinson*,

11   2007 WL 1317263 (D. Ariz. 2007) (notice of claim failed to identify both the settlement

12   amount and facts supporting that amount); *Simmons v. Navajo County*, 2007 WL 1200940

13   (D. Ariz. 2007) (*Houser* enforces the clear and unequivocal intent of the Arizona legislature

14   and does not represent a "sea change" in the applicable law).

15    Neither the January 27, 2006 letter to the City of Phoenix, nor the March 23, 2005

16   letter to the Phoenix Police Department attached thereto, contained facts that support the

17   proffered settlement amount of $200,000.  (Doc. # 28 Ex. B, 2.)  Both letters conveyed

18   background information about Franklin's encounter with the police officers.  (*Id*. Ex. A, B.)

19   The January 27, 2006 letter specifically informed the City about the favorable disposition of

20   the criminal indictments.  (*Id*. Ex. B.)  By referring to the March 23, 2005 letter, the City of

21   Phoenix could have educated itself as to the *types* of damages, both compensatory and

22   punitive, that Franklin would likely seek at trial.  (*Id*. Ex. A at 2.)  But neither letter

23   contained any facts that might illuminate the nature and extent of Franklin's injuries.

24   Without such information, the City of Phoenix could only speculate as to credibility of

25   Franklin's settlement offer, which increased several fold between March 2005, and January

26   2006.  This is the evil to which A.R.S. § 12-821.01(A) is directed.  *Houser*, 214 Ariz. at 296,

27   152 P.3d at 493.

28

1    In his Response, Franklin suggests that disclosure of the factual predicates for the state

2 law claims was itself sufficient to support the $200,000 demand.  He argues that it would be

3 particularly unfair to force him to "itemize" his emotional damages when the "stress" and

4 "embarrassment of having been falsely accused" is "self-evident."   (Doc. # 38 at 6.)

5 Franklin's emotional damages could not have been measured with precision on January 27,

6 2006, just weeks after the underlying prosecution was terminated in his favor.  But the statute

7 does not require such precision.  The plain language of Section 12-821.01(A) would have

8 been satisfied with a modicum of data about the type and degree of physical and

9 psychological injury sustained by Franklin at the hands of the Phoenix police.  (*See, e.g.,* doc.

10 # 51 at 4-6.)  More than a year after his arrest, Franklin was well situated to provide the City

11 with that information.  For example, Franklin could have identified the amount of medical

12 expenses incurred by him as of the date of the letter.   Franklin could also have disclosed the

13 factual foundation for the claimed "psychological trauma," such as sleeplessness, inability

14 to attend to personal affairs, anxiety, or other measures of emotional suffering.  What is

15 more, Franklin could have substantiated his "possible economic losses" by disclosing his lost

16 wages and attorney's fees to date, and providing an estimate as to future economic losses

17 proximately caused by the police officers' conduct.  "General damages" of the type alleged

18 by Franklin is his March 23, 2005 notice of claim are plainly insufficient.  (Doc. # 28, Ex.

19 A at 2.)  The remaining state law claim for malicious prosecution must be dismissed.  A.R.S.

20 § 12-821.01(A).

21 **IV.   Punitive Damages Dismissed**

22    The City of Phoenix finally urges the court to dismiss Franklin's claim for punitive

23 damages as to both Franklin's state and federal causes of action.  (Doc. # 28 at 2.)  Franklin

24 stipulates to the dismissal of his claim for punitive damages against the City, as demonstrated

25 by the Second Amended Complaint.   (Doc. ## 38 at 1; 51 at 9.)

26    IT IS THEREFORE ORDERED that Defendant City of Phoenix's Motion to Dismiss

27 State Law Claims and Punitive Damages Claim (doc. # 28) is granted.

28

1    IT IS FURTHER ORDERED that Plaintiff Franklin's request to certify the question

2    of the adequacy of his notice of claim to the Arizona Supreme Court (doc. # 38 at 15) is

3    denied.

4    DATED this 17th day of May 2007.

5

6    _____

7    Neil V. Wake
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28